Case No. 15-7118, John J. Bowman, Jr. appellant v. Kimberly Iddon et al., Jennifer Clark-Farmigas-Curiai, Jonathan Cohen for Appalachia. May it please the Court, Jennifer Clark is Advocates for the Court. In dismissing Mr. Bowman's Bivens action, the District Court erred in treating Mr. Bowman's status as irrelevant and finding a comprehensive remedial scheme by relying on the regulatory regime in place for tax practitioners. This Court in Loving analyzed the statute and regulations at issue and determined that the IRS lacks authority to regulate tax return preparers. As a result, tax return preparers are wholly outside of the regulatory regime at issue here and those provisions provide no indication that Congress intended to preclude Bivens relief for tax return preparers. This is not a case, therefore, where Congress has established a regulatory regime and placed certain individuals within that regime but carved out certain remedies that are not available to them. Instead, tax return preparers are wholly outside of the scheme to begin with and that scheme does not serve as a comprehensive remedial scheme for purposes of displacing Bivens relief. Do you – assume we agreed with you about that, that this was not the kind of remedial scheme that precluded a Bivens remedy here. I'm curious about whether we actually even have to decide that and the reason I ask you that question is so since Loving, since the Loving decision, your client's been functioning as a tax preparer, right? And IRS has given him the green light to do that, correct? I'm – there is nothing in the record at this stage. This case was dismissed at the 12 v. 6 stage. This is a motion to dismiss. There's nothing in the record that indicates the extent of Mr. Bowman's practice, the extent to which he has been or when he was able to resume. Okay. That's a good point. That's a good point. But in principle, since Loving, there's been no reason why he couldn't practice as a tax preparer, right? That's right. Under the – as a legal matter, yes. Right. And prior to that time, from – the only time he couldn't function as a tax preparer was from 2011 when the IRS amended the circular to bring tax preparers under it, right? Between then and Loving, those three years he couldn't practice as a tax preparer, correct? Well, the IRS regulations, in effect, when they, in fact, sanctioned him as an – erroneously sanctioned him as an enrolled agent, he was informed when he finally received notice many years later after he was released from prison and got the FOIA request back. So while he's in prison, no harm, no foul, right? Well, actually, that's, again, something that could be developed in terms of whether he had any ability to do anything in prison. Some of his clients might have hired him in prison. Yeah. Right. Good point. But it's – it hasn't – that hasn't been developed at this point. Okay. But I want to – can you just go back to my question? Okay. Between the time that the IRS, in 2011, when it amended the circular, when it – 2-30, to bring tax preparers under it, right, and Loving, he could not practice at all, right? At a minimum during that – during that period, yes. Okay. But during that time, he was part of this comprehensive scheme. In other words, he had a remedy under the IRS regulations because he was covered by them during that time. So my question, then, is if he – the only time – if he had a Bivens remedy then, during  And since then, he – at least in principle, I take your point about the record. But in principle, he hasn't suffered any harm since – Loving, since he's been legally free to practice as a tax preparer. So why do we have to decide? Even if he has a Bivens remedy, what could he get? This is all subject to your earlier point, and maybe that's the answer you'll give me now about the record. Right. So there's a couple of things, I think, in response to your question. First, whether Mr. – whether the IRS was treating Mr. Bowman improperly as subject to the regulatory regime during this time frame from 2011 to – accepting your premise that from – that it would be limited to 2011 to 2014, the fact that they may have treated him or thought that he was subject to the regulations, that – the IRS actually, in fact, as this Court decided, lacked the authority to do that. But during that time – but during that time, he was subject – oh, so your view is that, given Loving, looking back, they really did have no authority. That's correct. I see. That's what Loving decided. I see. So that they may have mistakenly understood their jurisdiction at that point in time says nothing about whether Congress intended – and that's the relevant inquiry here – whether to displace Bivens. And this Court in Loving made clear that Congress did not intend for these regulations to apply to tax return payers at all ad bonisio. So that's the – I mean, that's the main answer, I think, to your question. To unpack it a little bit further, I do think that there is a question as to whether the time frame would be limited to the 2011 to the 2014 period for several reasons. At the time that they – at the time that they sanctioned Mr. Bowman before the 2011 regulations, the sanction was in 2005. At that point in time, the regulations did not cover tax return preparers as practitioners. They weren't among the list of people who were subject to regulation. But once somebody was sanctioned as an enrolled agent, as a practitioner, the regulation – the statute – you've been suspended from practice as defined in Circular 230. And the definition of practice at that time said practice includes preparing and filing documents. So it's at least a question as to whether as a legal matter or as a practical matter that would have precluded him from preparing taxes even prior to 2011. But even assuming that the time frame is 2011 to 2014, that becomes a question of the extent of any damages that Mr. Bowman suffered, not the existence of a Bivens revenue for the reasons that I said because those regulations simply did not apply to him regardless of whether the IRS erroneously thought they did and therefore do not inform whether Congress intended to displace Bivens. I just have a factual – well, maybe it's a legal question. So under the old regime, a tax preparer could obtain something called limited practice rights. Am I right that that's not the case post – that's not the case now that the 2011 regulations are no longer in effect? So that is correct. Actually, under the 2011 regulations, the limited practice doesn't actually include tax return preparers. It's limited to a certain number of people who have a specific – based on a specific relationship such as family members, employer employees, I think a general partner of a partnership can represent another in a limited capacity before the IRS. Appellees rely heavily on this limited practice idea, but it's really a red herring for multiple reasons. First, it's not the basis on which they sanctioned Mr. Bowman. They sanctioned him as an enrolled agent. Second, limited practice – they point to no evidence that Mr. Bowman ever actually engaged in limited practice. Third, limited practice says nothing about tax return preparation. It's about representing individuals in a limited capacity in interactions with the IRS, not about preparing taxes. And fourth, I come back to the same point, which is if the IRS took certain steps as a matter of grace in Mr. Bowman's case, that that has – that does nothing to inform the inquiry whether the regulatory regime that Congress established was intended to displace Bivens relief. You're into your rebuttal time. Do you want to – That's correct. Yeah. Thank you. Okay. Thank you. Thank you. May it please the court, at the outset, I think that this highly unusual case underscores the wisdom of the court's decisions to create Bivens remedies in situations that do not call for such a remedy. Is that your strongest argument? I'm sorry? Is that your strongest argument, that this case is unusual? No. No, no. Why don't you go on to that? My strongest argument is in two parts. First is that indeed there was a remedial administrative scheme in place that was taken advantage of by Mr. Bowman that indeed restored his limited practice rights. And limited practice does cover the preparation and filing of documents, as well as representing certain classes of taxpayers before a certain level of employee of the Internal Revenue Service. What do you do with the decision in Loving where – I don't think – where we said, this court, you know, we looked at the statute carefully, we examined the definition of the word representative, and said representative does not include tax preparers, tax return preparers. So we held that this comprehensive remedy that exists doesn't cover tax preparers. It's not that they were intentionally excluded by Congress, but that they just are outside of that system. Well, even if Bowman fell outside of the scope of – well, certainly he was not an enrolled agent, and he was, by his standard, only a return preparer. Right. Then what you have is if you say the remedial scheme provided in the regulations did not apply to him, he still loses because he has not alleged or established, at least at this stage for purposes of the motion to dismiss, that he sustained a constitutional tort. If he had received a letter from the Internal Revenue Service saying we have suspended your practice rights, it would have been a mix-up if they said because – and that you are no longer – During the time, between the time of the issuance of the 2011 letter and Loving, he could not practice his chosen profession. Correct? Well, he could still, after his – Excuse me. Well, that is true. Isn't that correct? His limited practice rights were restored in November of 2014. But during those years between the issuance of the regulation and Loving, he could not practice his chosen profession. Isn't that factually correct? No, I think it is not. Why? I think that – They told him he couldn't practice. And at that time, tax preparers were included in the definition of practitioner. Yes. So he could not – But Loving doesn't have retroactive effect. Loving said that at that time, Loving said the statute that Congress never intended. So, as counsel said, ab initio. It just – they never had any authority over tax preparers. They didn't have legal authority over tax preparers. But they – Until Loving, they had – never had any authority over them. But, Your Honor, they do have authority over limited practitioners. You're missing my point. My point is – let's just see if we can get agreement on this. Under Loving, isn't it true that the IRS, between the time of the issuance of the regulation and the Loving decision, had no authority over the plaintiff? It had no authority to bar him from practice. That is true. Okay. So why isn't that sufficient to allege a constitutional tort? Because what he is alleging is that he was defamed by having his name published in the Federal Register as having been suspended. Yeah. And defamation without more – and I would suggest there is nothing more – Right, but here he was barred from doing his work. He was barred from exercising his chosen profession. It's not just defamation. He said, I couldn't work for those three years. Well, he could not work between 2005 and 2010 because he was in prison. That's not my point. I'm asking you – telling me about the period 2005 to 2010 is not responsive to my question to you about 2011 to 2014. He was not reinstated until the fall of 2014, and the reinstatement – and that's actually an inaccurate – because he never was an enrolled man. Let me ask you the question this way. If I'm right, and I'm just asking you to assume this, that in fact he was barred from practicing during those three years, isn't that sufficient to allege a constitutional tort? I don't think so, Your Honor. And why is that? Because I think that he would have to establish that he had some kind of constitutionally protected interest that was unfairly taken away from him, that was wrongfully taken away from him, that he was denied some constitutional protection that he was otherwise entitled to. Well, he's claiming it was his liberty interest in his reputation. Well, reputation without more. The liberty interest would be because he was incarcerated, I wouldn't deny that. No, no. Simply because of the reputation. But then this would be pushing, it seems to me, the Supreme Court holdings in cases like Davis v. Paul, beyond their reasonable limits. Well, why? If he was deprived of his reputation, stigmatized, driven out of his profession, why isn't that within the range of? Well, because I think that you would need more than the stigma of the suspension of practice. He does. He does. He has the inability to practice his profession. He can in the period before he was reinstated, that is true. But he didn't even ask for reinstatement until well after he was released from prison. It was a couple of months after Loving. The IRS restored limited practice rights sometime after Loving. If I remember correctly, his petition to the IRS for reinstatement followed Loving by two months. Yeah. He asked for reinstatement on November the 23rd of 2012. And Loving came out. Loving came out in February of 2014. Okay. And on November 2014, the IRS said you can have limited practice rights. That's the timeline. Okay. And the limited practice rights were not to act as a tax preparer in general, but only on behalf of family or affiliated company. Family, partners, certain other classes. Since that wasn't his practice and that didn't restore him to anything, or restore his practice, why is that helpful? Why is it relevant? Well, I think. That's the only relief they could give him, perhaps. Well, actually, in one significant respect, it's more than what he had before in that merely as a return preparer, he could not actually practice. And as a limited practice person, he could appear having filed documents with the IRS before revenue agents and certain other people, which merely which only return preparers could not. It was unclear at the time prior to the Loving decision whether practice encompassed preparing and filing returns. And we know that this court held that it was not and that return preparers didn't represent taxpayers. But there is this subclass of individuals who can file documents and who can prepare returns and can appear before the IRS. Now, when you're talking about a constitutional tort, you have an individual who has five years in federal prison for some 23 counts of financial crimes. So it's somewhat poorly positioned under those circumstances to claim. That would certainly be the case if he was seeking or claiming only damage. Or it may be right if he's seeking only damage due to his reputation. But he's also claiming he was unable to practice his chosen profession. And there was nothing in the sentence he served or his terms of relief that prohibited him from doing that. Well, there. I think the time is up. Do you want to answer that? Go ahead. Thank you very much. How much time did Ms. Clark have? You can take your minute. Thank you. By the way, this doesn't come out of your minute. He filed a petition for reinstatement, right? That's correct. Okay. Was that before Loving? It was before Loving, yes. Okay. Thank you. I think it was the filing in district court that was after Loving. Is that right? Two months after Loving. Now you have your minute. Okay. Just to quickly address a couple of points. In terms of whether Mr. Bowman adequately alleged a constitutional injury, he alleges both the damage to his reputation and, in particular, his interest in pursuing his chosen profession. He also alleges in the complaint, quite simply, that the plaintiff had no interest in pursuing his chosen profession. At JA31 is his pro se complaint, which as pro se should also be construed liberally in his favor, where he alleges that some due process is due because plaintiff had a property interest in avoiding damage to his reputation and business caused by a stigmatizing suspension. He also alleges in the complaint, quite similarly, that he had an interest in avoiding deprivation of reputational and economic interests caused by an indefinite suspension. That's at JA33. So for purposes of stating a claim, Mr. Bowman has adequately stated a constitutional injury here.  In terms of the causation argument that the appellees are making, that is, again, along with their other arguments, really goes to the question of extent of damages, and that can be established on remand once there's discovery and fact development. How do you respond to, you know, Stanley, Spagnuolo, Wilson, other cases that say that even if perhaps the statutory relief isn't complete or comprehensive or perhaps doesn't even really provide any relief, does it mean that you still are entitled to pursue this as a Bivens action? Right, that's correct. The adequacy of relief is not the key issue, but in those cases the individual issue was within the regime to start off with. And so the unavailability of certain remedies to that person was irrelevant to whether the Bivens action should proceed, and the Court has held in those cases that there is no Bivens action. Here, the regulatory regime at issue is a regime that governs tax practitioners. Tax return preparers are wholly outside of that regime, and therefore the existence or nonexistence of a remedy or how adequate the remedy is doesn't even come into play, because the regime itself doesn't displace Bivens to start off with. Congress's decision to adopt a remedial scheme limited to practitioners doesn't imply intent to exclude everybody else? No. You have to look at the regulatory regime as a whole. The regulatory regime is not just the remedial scheme. It's the regulations. The IRS has authority to regulate tax practitioners.  Congress gave authority to the IRS to regulate practitioners. It did not include tax return preparers. They're wholly outside of that scheme. Your point is it never would have thought of tax return preparers because it just didn't, right? That's correct. What about the government's argument, which I think they're making, is that there are these limited practice rights that they still have a little bit of, right? They can still appear, someone preparing tax return for, you know, his or her spouse can appear or working for a company, correct? That's correct. That's still true. That's still true. And why isn't that? The government seems to say that that's sufficient to bring them under this remedial scheme. Well, first of all, that doesn't cover the 2011 to 2014 timeframe at all because it was not conveyed to Mr. Bowman until 2014. I'd also point out that limited practice rights, as appellees term them, are available to anyone in the public, anyone who has a family member, can represent in certain limited capacities that family member before the IRS. It doesn't have anything to do with being a tax return preparer or whether it was appropriate for the IRS to preclude Mr. Bowman from practicing as a tax return preparer. Okay. Thank you. Thank you. Ms. Clark, the court appointed you as amicus, and we're grateful to you and your colleagues for your help. Case is submitted.
judges: Tatel, Wilkins, Ginsburg